UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAN DAIGLE, ET AL | CIVIL ACTION |
| VERSUS | NUMBER 12-159-BAJ-SCR |
| SAFECO INSURANCE COMPANY OF AMERICA, ET AL | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 22, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SEAN DAIGLE, ET AL                           CIVIL ACTION

VERSUS                                       NUMBER 12-159-BAJ-SCR

SAFECO INSURANCE COMPANY
OF AMERICA, ET AL

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Allan Rodriguez and Lydia Lamraoui a/k/a Lydia Williams. Record document number 33. No opposition has been filed.

Plaintiffs sought and were granted leave to file an amended complaint to assert a negligence claim against co-plaintiff Sean Daigle and to join his insurer, Progressive Insurance Company, as a defendant.[1] Both Daigle and Progressive are Louisiana citizens, as are plaintiffs Rodriguez and Lamraoui. Although Daigle was already a party, the Second Supplemental and Amended Complaint joined Progressive as an additional defendant.[2] Because subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, granting the plaintiffs' motion caused the court to lose subject matter jurisdiction. Consequently, 28 U.S.C. §

---

[1] Record document number 22, motion; record document number 31, Ruling on Motion to File Amended Complaint.

[2] Record document number 32.

1447(e) requires the case to be remanded.[3]

### RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Allan Rodriguez and Lydia Lamraoui a/k/a Lydia Williams be granted.

Baton Rouge, Louisiana, October 22, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1447(e) provides as follows:
  If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

2